UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
RUSSELL E. BRETAN,

        Movant,

    -against-                              05 Civ. 0916 (LAK)
                                        (03 Crim. 0358 (LAK))

UNITED STATES OF AMERICA,

        Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM OPINION**

Appearances:

        Alexander E. Eisemann
        *Attorney for Movant*

        Daniel W. Levy
        Assistant United States Attorney
        MICHAEL J. GARCIA
        UNITED STATES ATTORNEY

LEWIS A. KAPLAN, *District Judge.*

        Movant seeks reconsideration of the memorandum and order denying his motion for relief pursuant to 28 U.S.C. § 2255.[1] He argues principally that the Court erroneously failed to analyze whether Schechter's advice about the risks and benefits of appealing would have been different had he been aware of the grant of *certiorari* in *Blakely* and, by implication, that Bretan

---

[1] *Bretan v. United States,* 05 Civ. 0916 (LAK), 2006 WL 238994 (S.D.N.Y. Jan. 31, 2006).

would have appealed had the advice been different.

The Court considered the question whether Bretan had established prejudice from any ineffectiveness of counsel in failing to preserve the question of the constitutionality of the Sentencing Guidelines, even after *certiorari* was granted in *Blakely*. It held that Bretan had not sustained his burden of demonstrating that he would have appealed for two entirely independent reasons: (1) it was not "outside the range of professional competence for Bretan's counsel to advise against appeal, given the Second Circuit precedent upholding the constitutionality of the United States Sentencing Guidelines" and, in any case, (2) the assertion that Bretan would have appealed if advised differently by Schechter was unpersuasive, especially given the risk of a cross-appeal by the government on the downward departure from which Bretan benefitted and the fact that other attorneys whom Bretan consulted had advised him to appeal. Thus, the Court did not overlook the point made in Bretan's present motion, even if it did not express itself as precisely as counsel might have wished. But that is readily remedied.

Schechter advised against an appeal because he thought there was a risk of a cross-appeal and a reversal of the downward departure. Thus, unlike the situation at sentencing, and contrary to Bretan's present suggestion, there was a downside risk to taking an appeal. While Schechter conceded that he was unaware of the grant of *certiorari* in *Blakely,* the Court is not persuaded that his advice would have been any different had he known of it. Nor is it persuaded that Bretan would have appealed the judgment even if Schechter had told him that the grant of *certiorari* in *Blakely* might lead to a decision that would cast doubt on the constitutionality of the U.S. Sentencing Guidelines.

Bretan had been sentenced to a 57 month term. In the event of a reversal of the

downward departure, he would have faced a minimum term of 70 months imprisonment. The risk of more than another year in jail was too great to run in order to preserve a theoretical possibility that an appeal conceivably might have gained Bretan the benefit of an eventual decision invalidating the Sentencing Guidelines, given the fact that such a decision was not more than a somewhat distant possibility.

Bretan's suggestion that an evidentiary hearing is required is unpersuasive. The Court assumes that Bretan would say that he would have appealed had he been aware of the grant of *certiorari* in *Blakely*. It is not, however, persuaded. And while it does not have the benefit of any *post hoc* attempt by Schechter to imagine what he would have advised some time ago had he been aware of the grant of *certiorari* in *Blakely,* the fact of the matter is that the burden of proof as to prejudice is on Bretan. He has not carried it. He has not raised a genuine issue of material fact requiring a hearing.

The Court has considered movant's other arguments and found them to lack merit.

For the foregoing reasons, the motion for reconsideration is denied.

SO ORDERED.

Dated: February 14, 2006

_____
Lewis A. Kaplan
United States District Judge

(The manuscript signature above is not an image of the signature on the original document in the Court file.)